UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| In Re: | Chapter 7 |
| **ADVANCED EDUCATIONAL PRODUCTS, INC.** | 1-17-12576-MJK |
| Debtor | EIN: 16-1597345 |

_____

**MORRIS L. HORWITZ**, Chapter 7 Trustee of
**ADVANCED EDUCATIONAL PRODUCTS, INC.**
                             Plaintiff,

vs.                                                                                     A.P. #1-19-

**Simon & Schuster Inc.**
                             Defendant.

_____

**COMPLAINT TO AVOID AND RECOVER MONEY OR PROPERTY
PURSUANT TO BANKRUPTCY CODE §§502, 547 AND 550**

_____

      Plaintiff, Morris L. Horwitz, Chapter 7 Trustee in the above-referenced Chapter 7 case (the "Trustee") of Advanced Educational Products, Inc. (the "Debtor"), by and through his attorney, Morris L. Horwitz, Esq., as and for his Complaint to avoid and recover certain preferential transfers made by the Debtor to the defendant named herein above (the "Defendant"), on knowledge as to himself and as to all other matters on information and belief, respectfully alleges and shows the Court as follows:

**NATURE OF ACTION**

1. The Trustee seeks a money judgment relating to certain transfers identified herein made by the Debtor to the Defendant consisting of transfers made within the ninety (90) day period preceding the commencement of the Debtor's bankruptcy case.

2. Specifically, the Debtor seeks entry of a judgment against the Defendant:
   (i) Pursuant to 11 U.S.C. §547(b), avoiding transfers made to or for the benefit of the Defendant;
   (ii) Pursuant to 11 U.S.C. §550(a), directing the Defendant to pay to the Debtor an amount to be determined at trial that is not less than the amount or value of the transfers, plus interest and costs, including reasonable attorneys fees; and
   (iii) Pursuant to 11 U.S.C. §502, pending such payment, disallowing any claim of the Defendant against the Debtor.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157,1331 & 1334(b),(e).

4. The statutory and legal predicates for the relief sought herein are §§ 502, 547 & 550

of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. § 1409.

**PROCEDURAL AND FACTUAL BACKGROUND**

6. On December 4, 2017 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the Bankruptcy Code

7. On September 26, 2018 an Order for Relief under Chapter 7 was granted and entered converting the case to a proceeding under Chapter 7 and plaintiff was duly appointed as interim Chapter 7 Trustee in which capacity he continues to serve.

8. Upon information and belief, the Defendant has a principal business address of 1230 Avenue of the Americas, New York, NY 10020.

**AS AND FOR A FIRST CAUSE OF ACTION**

9. The Trustee repeats and realleges each and every allegation contained in Paragraphs 1 through 8 above as if fully set forth herein.

10. Pursuant to § 547 of the Bankruptcy Code, the Trustee seeks to recover from the Defendant all avoidable transfers made by the Debtor to the Defendant.

11. Within the ninety (90) day period prior to the Petition Date (the "Preference Period") the Debtor made one or more payments on account to the Defendant as set forth in the schedule attached as Exhibit "A" hereto (hereinafter collectively referred to as the "Transfers"), which schedule is hereby <u>incorporated by reference as if fully set forth herein</u>.

12. The Debtor made the Transfers during the Preference Period.

13. The Transfers were made to or for the benefit of the Defendant.

14. Att the time of each of the Transfers, the Defendant was a creditor of the Debtor.

15. The Transfers were transfers of an interest of the Debtor in property.

16. The Transfers were made to the Defendant for or on account of an antecedent debt owed by the Debtor.

17. The Transfers were made while the Debtor was insolvent.

18. The Transfers enabled the Defendant to receive more than it would receive if (a) the Debtor's case was a case under Chapter 7 of the Bankruptcy Code, (b) the said transfers had not been made, and (c) the Defendant received payment of such debt

to the extent provided by the provisions of the Bankruptcy Code.

19. None of the Transfers were authorized by the Bankruptcy Court.

20. By reason of the foregoing, the Transfers should be avoided and set aside as preferential transfers pursuant to § 547(b) of the Bankruptcy Code.

**AS AND FOR A SECOND CAUSE OF ACTION**

21. The Trustee repeats and realleges each and every allegation contained inParagraphs 1 through 22 above as if fully set forth herein.

22. The Trustee is entitled to avoid the Transfers pursuant to § 547(b) of the Bankruptcy Code.

23. The Defendant was the initial transferee of the Transfers or the person for whose benefit the Transfers were made.

24. Pursuant to § 550 of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant, for the benefit of the estate, the proceeds of or the value of the Transfers, plus interest, costs and attorneys fees.

25. By reason of the foregoing, the Trustee is entitled to a judgment against the Defendant in favor of the estate for an amount equal to the proceeds of or the value of the Transfers, plus interest, costs and attorneys fees.

**AS AND FOR A THIRD CAUSE OF ACTION**

26. The Trustee repeats and realleges each and every allegation contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. The Defendant is an entity from which property is recoverable under §§ 547 and 550 of the Bankruptcy Code.

28. The Defendant was the initial transferee of the Transfers or the person for whose benefit the Transfers were made.

29. The Defendant has not paid the amount of the Transfers or returned the Transfers to the Debtor pursuant to § 502(d) of the Bankruptcy Code, any and all claims of the Defendant and/or its assignee against the Debtor's estate, must be disallowed until such time as the Defendant pays to the Trustee all amounts sought and for which the Defendant is liable in Paragraph 27 above.

30. Pursuant to § 502(j) of the Bankruptcy Code, any and all previously allowed claims of the Defendant and/or its assignee against the Debtor's estate must be reconsidered and disallowed until such time as the Defendant pays to the Debtor all amounts sought and for which the Defendant is liable in Paragraph 27 above.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court enter judgment against the Defendant:

A. Avoiding the Transfers pursuant to § 547(b) of the Bankruptcy Code;

B. Pursuant to § 550(a), determining that the Trustee is entitled to recover the Transfers, or a money judgment for an amount equal to the value of the Transfers as set forth in Schedule A, to wit: $115,818.48;

C. Disallowing any claim of the Defendant against the Debtor pursuant to § 502(d) and (j) of the Bankruptcy Code;

D. Awarding pre-judgment interest at the maximum legal rate, running from the Petition Date to the date of judgment with respect to this Complaint herein;

E. Awarding post-judgment interest at the maximum legal rate, running from the date of the judgment until the date the judgment is paid in full;

F. Awarding the costs of suit incurred herein, including without limitation, reasonable attorneys fees;

G. Requiring the Defendant to pay forthwith the amount of the judgment; and

H. Granting the Trustee such other and further relief as the Court deems just and proper.

Dated:	Buffalo, New York
	November 24, 2019

/s/**MORRIS L. HORWITZ**
Morris L. Horwitz, Esq.
Attorney for Morris L. Horwitz, Ch. 7 Trustee
Post Office Box 716
Getzville, NY 14068
716-830-3279
Morris.Horwitz@gmail.com